J-S75045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                                             :
             v.                        :
                                             :
                                             :
ANTWINE HOLDER,                   :
                                             :
           Appellant              :           No. 1104 EDA 2018

Appeal from the Judgment of Sentence March 2, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011307-2014

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED JANUARY 11, 2019**

Antwine Holder ("Holder") appeals from the judgment of sentence imposed following his conviction of attempted murder, aggravated assault, kidnapping, persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets or public property in Philadelphia. *See* 18 Pa.C.S.A. §§ 901, 2702(a)(1), 2901(a)(2), 6105, 6106, 6108. Counsel for Holder has filed an Application to Withdraw as Counsel, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Holder, *pro se*, has filed a Response to counsel's Application to Withdraw. Upon review, we grant counsel's Application to Withdraw, and affirm Holder's judgment of sentence.

The trial court summarized the relevant factual history underlying the instant appeal as follows:

On August 24, 2014, at approximately 12:30 A.M., Yanna Thorn [("Thorn")] drove her girlfriend[,] Kendra Devine [("Devine"),] to the rear of Academy and Woodhaven Roads in Philadelphia to meet [Holder]. [] Devine planned to buy a designer bag from [Holder] and orchestrate a "bank Scheme" with him. When they arrived at the location, [Holder] got in the backseat behind [] Devine. [] Devine asked [Holder] where the bag was. [Holder] responded by drawing his gun, cocking it, and saying "Y'all bitches know what time it is" (N.T. 11/4/15, 84). [Holder] patted both women down and took their cell phones and money. Dissatisfied with the amount of money, [Holder] demanded[,] "Where is the rest of the money[?] I'm not playing. I will kill y'all…." [] Devine told him that she could get more money from the Bank of America on Walnut Street between 38th and 39th Streets. As [] Thorn drove them to the bank, [Holder] began beating [] Devine's head with his gun. He then dragged her from the front seat to the back seat, where he continued to strike her with his gun and fists and began to kick and stomp on her as well. [Devine]—who suffers from asthma—struggled to breath[e], but [Holder] refused to allow her to use her inhaler.

When they arrived at the bank, [] Devine went into the vestibule to withdraw money, while [Holder] held [Thorn] at gunpoint in the car. Four or five minutes later, [] Devine returned and said that she was unable to make a withdrawal and would have to go to a different bank at 16th Street and JFK Boulevard. [Holder] warned that if she kept playing games, he would kill them. [] Thorn drove to the JFK branch, but [Holder] refused to let them out of the car. Instead, he ordered [] Thorn to drive them to Uber Street in North Philadelphia. During the course of the drive, [Holder] continued to beat [] Devine.

Once they arrived on Uber Street, [Holder] dragged [] Devine from the car and threw her to the ground. As [] Devine lay face down, [Holder] kicked her head against the tire of an adjacent car, stomped on her upper body, and repeatedly struck her face with his gun. He then told [] Thorn to take [] Devine's ATM card and make a withdrawal. When [] Devine said only she had access to the account, [Holder] ordered [] Thorn to drive away or he would kill her. [] Thorn drove approximately one block, and called the police. When the police arrived, [] Thorn brought them to [] Devine. [Holder] was no longer on the scene.

- 2 -

Using [] Devine's phone records, police traced [Holder's] phone number to his home address, where he was arrested on September 4, 2014. Upon executing the search warrant for the residence, police recovered [] Thorn's cell phone, two firearms, boots and clothing matching the description [] Thorn had provided, and cocaine and drug paraphernalia. A swab taken from the bottom of [Holder's] boots tested positive for [] Devine's DNA.

[] Devine had been taken from the scene of the assault to Hahnemann University Hospital, where she remained in the Intensive Care Unit for more than a month. She suffered from a right subdural hemorrhage, requiring two surgeries. She was unable to breath[e] or eat on her own. She received a tracheotomy[,] and a feeding tube was inserted directly into her stomach. She also suffered multiple facial fractures and chipped teeth. At the time of trial—more than one year after the brutal assault—[] Devine could no longer use her right hand, was still attending speech, occupational, and physical therapy three times a week, was wheelchair[-]bound, and was unable to use the bathroom on her own.

Trial Court Opinion, 1/27/17, at 1-3 (footnote and internal citations omitted).

Following a jury trial, Holder was convicted of the above-described crimes. The trial court deferred sentencing and ordered a pre-sentence investigation report. On February 24, 2016, the trial court sentenced Holder to an aggregate term of 44 to 102 years in prison. Relevant to this appeal, the trial court imposed a prison term of 20 to 40 years for Holder's kidnapping conviction. On March 7, 2016, Holder filed a Motion for Reconsideration, which the trial court denied.

On appeal, this Court vacated Holder's sentence and remanded for resentencing, concluding that the trial court's imposition of a "second strike" sentence for kidnapping violated the statutory maximum for that crime. *Commonwealth v. Holder*, 181 A.3d 1279 (Pa. Super. 2017) (unpublished

- 3 -

memorandum at 2). On remand, the trial court conducted another sentencing hearing, after which it modified Holder's kidnapping sentence to 10 to 20 years, and re-imposed the same sentence for the remaining crimes. Thereafter, Holder filed the instant timely appeal. Upon the trial court's Order, counsel filed a Pa.R.A.P. 1925(c)(4) Notice of intent to file an *Anders* brief in lieu of a concise statement of matters complained of on appeal. The trial court did not file a Rule 1925(a) opinion.

As a preliminary matter, we address counsel's Application to Withdraw. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet certain requirements, including:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel has substantially complied with all of the requirements of **Anders**, as articulated in **Santiago**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). In his Application to Withdraw, Holder's counsel indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. Application to Withdraw, 8/13/18, at ¶ 4. Further, counsel's **Anders** Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, counsel provided Holder with a copy of the **Anders** Brief, and advised Holder of his rights to retain new counsel, or to raise any additional points deemed worthy of the Court's attention. **See id.**, ¶ 8. Thus, counsel has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Holder's appeal is, in fact, wholly frivolous. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that **Anders** requires the reviewing court to "review 'the case' as presented in the entire record[,] with consideration first of issues raised by counsel.").

The **Anders** Brief presents the following claims for our review:

[1.] Was the verdict against the weight of the evidence to such a degree that it shocks one's conscience?

[2.] Was the sentence imposed upon [Holder] by the [trial] court manifestly excessive?

- 5 -

***Anders*** Brief at 5 (issues renumbered). In his *pro se* Response to counsel's Application to Withdraw, Holder again challenges his sentences as excessive, and additionally questions whether "the victims suffer[ed] bodily injury or harm sufficient enough to statutorily fall under the sentence imposed for attempted murder?" *Pro Se* Response, 11/1/18, at 3 (unnumbered).

In the ***Anders*** Brief, Holder first claims that the verdict is against the weight of the evidence. ***Anders*** Brief at 21. Counsel correctly points out that such claim is waived, as Holder did not file a post-sentence motion challenging the verdict as against the weight of the evidence. ***Id.*** We agree.

Pennsylvania Rule of Criminal Procedure 607(A) provides that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). As our Supreme Court has explained,

> [t]he decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. ***Commonwealth v. Cousar***, 593 Pa. 204, 928 A.2d 1025, 1033, 1036 (Pa. 2007). Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." ***Commonwealth v. Rivera***, 603 Pa. 340, 983 A.2d 1211, 1225 (Pa. 2009). An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." ***Commonwealth v. Champney***, 574 Pa. 435, 832 A.2d 403, 408 (Pa. 2003). Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to

the evidence as to shock one's sense of justice." ***Commonwealth v. Diggs***, 597 Pa. 28, 949 A.2d 873, 879 (Pa. 2008).

***Commonwealth v. Cash***, 137 A.3d 1262, 1270 (Pa. 2016).

Instantly, Holder did not preserve his challenge to verdict as against the weight of the evidence before the trial court by any of the methods set forth in Rule 607(A). Because we would be unable to review the trial court's exercise of its discretion, Holder's claim in this appeal is waived and frivolous.[1]

In the ***Anders*** Brief, and in Holder's *Pro Se* Response, Holder claims that his sentence is excessive. ***Anders*** Brief at 24; *Pro Se* Response, 11/1/18, at 3-4 (unnumbered). Counsel, however, explains that Holder failed to file a post-sentence motion raising this claim and, consequently, it is waived and frivolous. ***Anders*** Brief at 24. In his *Pro Se* Response, Holder argues that his present counsel rendered ineffective assistance by failing to preserve this claim in a post-sentence motion. *Pro Se* Response, 11/1/18, at 3-4.

An appeal challenging the discretionary aspects of sentencing is not an appeal as of right. ***Commonwealth v. Flowers***, 137 A.3d 1262, 1252 (Pa.

_____

[1] Holder's counsel properly points out that,

> [t]o the extent that [ ] Holder was deprived of his right to effective assistance of counsel due to a failure to raise a claim that the verdict is against the weight of the evidence, this claim may be more properly raised in the context of a claim under the Post[] Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*

***Anders*** Brief at 21.

Super. 2015). An appellant must meet the requirements that the appeal was timely; the issues were preserved; and that his brief contains a concise statement of the reasons relied upon for allowance of appeal. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa. Super. 2006). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion." ***Id.*** at 1251. Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing[,] or in a motion to modify the sentence imposed at that hearing." ***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006); ***see also*** Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal). Because Holder did not raise this claim in at sentencing or in a post-sentence motion, it is waived. ***See id.*** To the extent that Holder claims that his counsel rendered ineffective assistance by failing to file a post-sentence motion, such claim may be raised in the context of a claim under the PCRA.

In his *Pro Se* Response, Holder additionally claims that the victims did not suffer "bodily injury sufficient enough to statutorily fall under the sentence imposed for attempted murder." *Pro Se* Response, 11/1/18, at 3 (unnumbered). However, Holder provides no additional argument to support his sufficiency challenge.

As our Supreme Court has explained,

[c]hallenges to the sufficiency of the evidence are governed by our familiar and well-established standard of review. We consider

the evidence presented at trial *de novo.* We are obliged to evaluate that evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt. This is a question of law. Our scope of review is plenary.

**Commonwealth v. Chambers**, 188 A.3d 400, 409 (Pa. 2018) (citations omitted).

A conviction for attempted murder requires the Commonwealth to prove beyond a reasonable doubt that the defendant had the specific intent to kill and took a substantial step towards that goal. 18 Pa.C.S.A. §§ 901, 2502.

In this case, the Commonwealth presented evidence that Holder threatened to kill Devine and Thorn. N.T., 11/4/15, at 90. Further, the evidence established that while Thorn drove Devine and Holder, Holder beat Devine on the head with his gun; Holder dragged Devine from the front seat to the back seat, where he continued striking Devine with his guns and fist; Holder stomped on Devine; Holder continued these actions while Devine who had asthma, struggled to breathe; and as Devine struggled to breathe, Holder refused to allow Devine to use her inhaler. **Id.** at 82, 84, 88, 90-92, 95-97, 162, 166. Further, Holder subsequently dragged Devine from the car, kicked her head against the tire of an adjacent car, stomped on her upper body, and struck her face with his firearm. **Id.** at 105-10, 171. This evidence is amply sufficient to establish that Holder has a specific intent to kill, and took a substantial step towards that goal. **See** 18 Pa.C.S.A. §§ 901, 2502.

Following our independent review of the record, we agree the appeal is frivolous, and grant counsel's Application to Withdraw. Accordingly, we affirm Holder's judgment of sentence.

Application to Withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/19